J. A20011/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DANELLE RAE GEIER, | : | No. 1438 MDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered April 23, 2018,
in the Court of Common Pleas of Centre County
Criminal Division at No. CP-14-CR-0001369-2016

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JANUARY 06, 2020**

Danelle Rae Geier appeals from the April 23, 2018 aggregate judgment of sentence of life imprisonment without the possibility of parole, imposed after a jury found her guilty of first-degree murder, criminal conspiracy, and tampering with or fabricating physical evidence.[1]  After careful review, we affirm the judgment of sentence.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows:  On September 22, 2016, appellant and co-defendant, George Gene Ishler, Jr.,[2] were charged with first-degree murder and related offenses in connection with the death of Pennsylvania State

---

[1] 18 Pa.C.S.A. §§ 2502(a), 903, and 4910(2), respectively.

[2] Ishler is the half-brother of appellant's mother.

University Professor Ronald V. Bettig ("the victim"), whose body was discovered on the floor of a quarry pit in Centre County, Pennsylvania on August 17, 2016. Both appellant and Ishler gave statements to the Pennsylvania State Police wherein they confessed to entering a conspiracy to murder the victim and make it look like it had been an accident or a suicide. The Commonwealth gave notice of its intention to consolidate appellant's case with Ishler's case on September 22, 2016.

On October 27, 2016, appellant filed an **omnibus** pretrial motion to, **inter alia**, sever her case from that of Ishler. The trial court denied appellant's motion on December 29, 2016. Following a joint, six-day jury trial, a jury found appellant guilty of the aforementioned charges on April 23, 2018. That same day, the trial court sentenced appellant to life imprisonment without the possibility of parole. Appellant filed a timely post-sentence motion on May 3, 2018, and a supplemental post-sentence motion on June 11, 2018. Following hearings, the trial court denied appellant's post-sentence motions on August 6, 2018. This timely appeal followed.[3]

Appellant raises the following issues for our review:

> A. Did the trial court abuse its discretion and unconstitutionally deny [appellant's] due

---

[3] The record reflects that on August 29, 2018, the trial court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant filed her timely Rule 1925(b) statement on September 10, 2018, and the trial court filed a brief Rule 1925(a) opinion on September 24, 2018, indicating that it was relying on the reasoning set forth in its prior August 6, 2018 opinion denying appellant's post-sentence motions.

process rights to a fair trial and right to present a defense when it summarily denied her request to present the testimony of Jonathan E. Stube, Ph.D., LPC, and Michael C. Wolff, Ph.D., CADC, from the Penn State Psych Clinic, challenging the voluntariness of her statements and the voluntariness of her actions?

B. Did the trial court abuse its discretion when it refused to sever a case where the defendants had such clearly antagonistic defenses that the opening cross[-]examination question of [appellant] by her co-defendant's counsel was: "You are a lying, manipulative woman who would say and do anything to get whatever you want?"

C. Did the trial court err when it failed to order a new trial after the Commonwealth failed to disclose prior to trial that one of its key witnesses, Joel Allen Marlow, had pending criminal charges in Centre County?

Appellant's brief at 5-6 (extraneous capitalization omitted).

Preliminarily, we recognize that

a court has the discretion to require an expert, who has conducted an examination or test for a defendant but who has not completed a report for the defendant, to prepare (and the defendant to disclose) a report, which must provide, among other things, the subject matter on which the expert is expected to testify and a summary of the expert's opinion. A court's discretion to order the production of such a report is, again, dependent upon whether the defendant intends on calling the expert as a witness in the criminal proceedings. When the defendant fails to comply with a trial court's order requiring preparation and disclosure of an expert report, the trial court may sanction the defendant by prohibiting the defendant from introducing evidence not disclosed, other than testimony of the defendant.

*Commonwealth v. Radecki*, 180 A.3d 441, 452 (Pa.Super. 2018) (citations, internal quotation marks, and footnote omitted).

Likewise, "[a] motion for severance is addressed to the sound discretion of the trial court, and . . . its decision will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Dozzo*, 991 A.2d 898, 901 (Pa.Super. 2010) (citation omitted), *appeal denied*, 5 A.3d 818 (Pa. 2010). Our supreme court has formulated the following three-part test for deciding the merits of a motion to sever:

> [1] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [2] whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, [3] whether the defendant will be unduly prejudiced by the consolidation of offenses.

*Commonwealth v. Melvin*, 103 A.3d 1, 29 (Pa. 2014) (citations omitted; brackets in original).

Lastly, we note that

> after-discovered evidence is the basis for a new trial when it:  1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of trial by the exercise of reasonable diligence; 2) is not merely corroborative or cumulative; 3) will not be used solely for impeaching the credibility of a witness; and 4) is of such nature and character that a new verdict will likely result if a new trial is granted.

*Commonwealth v. Chamberlain*, 30 A.3d 381, 414 (Pa. 2011) (citations and internal quotation marks omitted), *cert. denied*, 566 U.S. 986 (2012).

With these principles in mind, we note that the trial court authored a comprehensive and well-reasoned opinion that properly addresses and disposes of appellant's three claims. Specifically, we agree that the trial court properly exercised its discretion in precluding the introduction of the proposed testimony of Dr. Wolfe and Dr. Stube immediately prior to the start of trial, pursuant to Pa.R.Crim.P. 573(E). As recognized by the trial court, the defense sought to introduce these witnesses as fact witnesses to testify regarding appellant's mental state, when clearly their testimony constituted untimely expert testimony. (**See** trial court opinion, 8/6/18 at 3-4.) We further agree with the trial court that appellant was not prejudiced by the trial court's decision to deny her motion to sever, as the record establishes that appellant failed to satisfy the three-part test set forth in **Melvin**. Notably, the evidence in this matter was clearly "capable of separation by the jury so as to avoid danger of confusion," as both defendants were charged with criminal conspiracy and had previously confessed to the victim's murder, and the confessions were admitted at trial. (**Id.** at 2-3; **see also Melvin**, 103 A.3d at 29.) Additionally, we agree that appellant is not entitled to a new trial on account of the fact that she was not informed of the pending criminal charges against Commonwealth witness Marlow, as appellant failed to satisfy the third prong of the "after discovered evidence" test and "the only evidentiary value of [the] charges against Marlow [was] to impeach his credibility." (**Id.** at 4-5.)

J. A20011/19

Accordingly, we adopt the pertinent portions of the trial court's well-reasoned August 6, 2018 opinion as our own and affirm on that basis.

Judgment of sentence affirmed.

Gantman, P.J.E. joins this Memorandum.

McLaughlin, J. concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/06/2020



IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : 

v. : No. CP-14-CR-1369-2016

DANELLE RAE GEIER, : 
Defendant : 

*Attorney for the Commonwealth:*          *Bernard F. Cantorna, Esq.*
*Attorney for Defendant:*          *Deborah Lux, Esq.*

### OPINION and ORDER

**Ruest, J.**

Presently before the Court is a Post-Sentence Motion filed by Danelle Rae Geier (Defendant) on May 3, 2018 and a Supplemental Post-Sentence Motion filed on June 11, 2018. A hearing was held on May 8, 2018 regarding the Post-Sentence Motion, and on July 30, 2018 regarding the Supplemental Post-Sentence Motion. Defendant alleges errors occurred prior to and during trial and requests either an arrest of judgment or a new trial. Upon consideration of Defendant's Motions and arguments of counsel, the Court rules as follows:

### Background

Defendant was charged with Murder of the First Degree, 18 Pa.C.S.A. §2502(a); Murder of the Third Degree, 18 Pa.C.S.A. §2502(c); Aggravated Assault, 18 Pa.C.S.A. §2702(a)(1); Tampering with or Fabricating Evidence, 18 Pa.C.S.A. §4910(2); and Criminal Conspiracy (Murder of the First Degree), 18 Pa.C.S.A. §903(a)(1). The charges stemmed from the murder of Ronald V. Bettig on August 13, 2016. Defendant's case was consolidated with that of George Gene Ishler, Jr.(Ishler), her co-conspirator, on September 22, 2016. The Commonwealth *nol prossed* the Aggravated Assault charges.

Defendant filed an Omnibus Pre-Trial Motion on October 27, 2016 which included a Motion to Sever. The Court ruled on December 29, 2016 denying the Motion to Sever. A jury

☒O ☐RD ☐S

Appendix "B"

trial was held April 16, 2018 through April 23, 2018. Defendant was found Guilty of all charges, and immediately sentenced to imprisonment for the remainder of her natural life without eligibility for parole. Defendant timely filed a post-sentence motion.

## Discussion

Defendant alleges the Court erred by denying a Motion to Sever and not permitting testimony by two defense witnesses. Defendant also alleges she was prejudiced when she was not informed of pending criminal charges of a prosecution witness prior to trial. Post-Sentence Motions shall be filed no later than 10 days after imposition of sentence. Pa.R.Crim.P. 720(A)(1). A Post-Sentence Motion may request an arrest of judgment or a motion for a new trial. Pa.R.Crim.P. 720(B)(1)(a). The Court will address each motion in turn.

### I. Motion to Sever

Defendant argues the Court erred in denying Defendant's Motion to Sever because she was prejudiced when conflicting defenses were presented at trial. Consolidation of trial is within the discretion of the trial court and is only an abuse of discretion if there is prejudice and clear injustice against the defendant. *Commonwealth v. Melvin*, 2014 PA Super. 181, 103 A.3d 1, 28.

Severance is governed by Pa.R.Crim.P. Rule 583, which states: "the court may order separate trials . . . of defendants, . . . if it appears any party may be prejudiced by . . . defendants being tried together." The Supreme Court has promulgated a three part test for ruling on the merits of a motion to sever:

1. Whether the evidence of each of the offenses would be admissible in a separate trial for the other;
2. Whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative,
3. Whether the defendant will be unduly prejudiced by the consolidation of offenses.

*Commonwealth v. Melvin*, *supra* at 29 (*citing Commonwealth v. Collins*, 550 Pa. 46, 703 A.2d 418, 422 (1997)),(*citing Commonwealth v. Lark*, 518 Pa. 290, 302, 543 A.2d 491, 496-97

2

(1988)). When conspiracy is a charge, a joint trial is advisable, and severance should only be granted when the defenses are so antagonistic they are irreconcilable, that is when the jury would be forced to disbelieve a defendant's testimony in order to believe the co-defendant's testimony. *Commonwealth v. Brown*, 502 Pa. 376, 925 A.2d 147, 161-62 (2007). A defendant claiming error has the burden of demonstrating actual, not speculative, prejudice because of a joint trial. *Id.*

Here, Defendant argues the Court improperly denied the Motion to Sever because the antagonistic defenses presented at trial actually prejudiced Defendant. Ishler's testimony at trial did not blame Defendant for the victim's death. Ishler testified the victim committed suicide and neither defendant was responsible for his death. Defendant presented a defense blaming Ishler for the murder, saying he planned everything and coerced her into covering up their actions. Their defenses are not so antagonistic they are irreconcilable.

## II.  Refusing to permit the testimony of Michael C. Wolff Ph.D., CADC and Jonathan E. Stube, Ph.D. from the Pennsylvania State University Psychological Clinic

Defendant argues the Court erred by refusing to permit the testimony of Michael C. Wolff, Ph.D., CADC and Jonathan E. Stube, Ph.D. from the Pennsylvania State University Psychological Clinic. Defendant sought to introduce these witnesses as fact witnesses to testify regarding Defendant's mental state, especially her ability to be victimized and manipulated within the prison population. The Commonwealth objected to the introduction of these witnesses as inappropriate and untimely expert testimony, and there was insufficient time for the Commonwealth to review the reports.

A witness may be qualified to testify as to an expert opinion based on knowledge, skill, experience, training, or education if the witness's scientific, technical, or other specialized knowledge is beyond that of the average layperson and would help the trier of fact understand evidence or determine a fact in issue. Pa.R.E. 702. If the Defendant intends to call an expert witness in a criminal trial, and the expert has not prepared a report, the court may order the

3

production of a report and require disclosure of the subject matter, facts, and expert opinion on which the expert is expected to testify. Pa.R.Crim.P. 573(C)(2). The court may prohibit the introduction of evidence not disclosed in a timely manner if deemed just under the circumstances. Pa.R.Crim.P. 573(E).

The testimony Defendant sought to elicit from these two witnesses was clearly within the realm of expert testimony. They would be unable to testify without using their specialized knowledge which is beyond what an average layperson possesses, and the testimony would be used to testify to Defendant's mental capacity, not any fact specific to the case. The testimony clearly was expert testimony, and no expert report was produced prior to the start of trial. The Court properly exercised its discretion in prohibiting the introduction of the proposed testimony.

### III. Pending Criminal Charges of a Prosecution Witness

Defendant argues a new trial is proper because Defendant was not informed a Commonwealth witness, Joel Allen Marlow (Marlow) was criminally charged with Possession of Drug Paraphernalia, 35 Pa.C.S.A. §780-113(a)(32); Operation Following Suspension of Registration, 75 Pa.C.S.A. §1371(a); and Driving Under Suspension, 75 Pa.C.S.A. §1543(a), one month prior to trial. At trial, Marlow was questioned by Defendant regarding his extensive prior criminal history, but the new charges were not mentioned. Defendant argues the Commonwealth should have known about the charges and informed her prior to trial because the arresting officer was assigned to the same barracks as the affiant in the case.

The grant of a new trial on the basis of newly discovered evidence requires satisfying a four-prong test of whether the evidence: (1) could not have been obtained with reasonable diligence prior to trial; (2) is not corroborative or cumulative; (3) is not used solely to impeach a witness's credibility; and (4) likely would result in a different verdict. **Commonwealth v. Castro**, 625 Pa. 582, 93 A.3d 818, 821 (2014). Defendant is unable to satisfy the third prong, as the only evidentiary value of the recent criminal charges against Marlow is to impeach his credibility. Additionally, the state trooper Defendant asserts worked with the state trooper who criminally

4

charged Marlow is no longer employed there, as he took a job with a different department prior to the charges being filed. As such, there is insufficient evidence to warrant a new trial.

The following order is hereby entered:

## ORDER

AND NOW, this 6th day of August, 2018, Defendant's Post-Sentence Motion and Supplemental Post-Sentence Motion are hereby **DENIED**.

BY THE COURT:

Pamela A. Ruest, President Judge

5

Appendix "B-4"